UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

----------------------------------------X

RICHARD LACH,

        Plaintiff,

**MEMORANDUM AND ORDER**
05-CV-1747 (ARR)

-against-

STAMFORD HOSPITAL,

        Defendant.

----------------------------------------X

ROSS, United States District Judge:

Plaintiff, appearing *pro se*, is a frequent litigant in this Court and filed the instant action on April 1, 2005. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) but dismisses the complaint for the reasons set forth below. In addition, the Court directs plaintiff to show cause within thirty (30) days why the Court should not issue an order barring him from filing any future *in forma pauperis* complaints without first obtaining leave of the Court to do so. 28 U.S.C. § 1651.

Plaintiff's complaint alleges the following:

"I claim $5,000,000 from defendant for medical treatment on April 10, 2004; when my life was seriously endangered; they input me in trap by fastening many strings on my hands and my legs (I have few of them in my possession), I was about heart-stopped action, I had to use my canine tooth against these cannibals; to get free and escape without my winter shoes. Description of their service is under Inv. #13937 dated on 04/01/2004, in their collection department: $392.84."

Compl. at 1. Plaintiff attaches to his complaint a page of an IRS 1040 form that he has submitted to this Court in other cases.[1]

---

[1] See Lach v. Germany Treasury Dep't, 05-CV-1158 (ARR) (dismissed as frivolous or malicious on Mar. 10, 2005); Lach v. Poland Treasury Dep't, 05-CV-1157 (ARR) (dismissed as frivolous or malicious on Mar. 10, 2005); Lach v. Vatican Treasury Dep't, 05-CV-1156 (ARR) (dismissed as frivolous or malicious on Mar. 10, 2005); Lach v. United States Sec'y of Treasury, 05-CV-1081 (ARR) (dismissed as frivolous or malicious on Mar. 10, 2005); Lach v. United States Dep't of Agric., 05-CV-1080 (ARR) (dismissed Mar. 30, 2005); Lach v. Comm'r of Soc. Sec., 05-CV-0080 (ARR) (pending).

Discussion

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted). Furthermore, the Supreme Court has observed that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The Court takes judicial notice of plaintiff's litigation history in this Court. See infra note 1. Four of plaintiff's prior complaints have been dismissed as frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Id. By order dated March 10, 2005, this Court cautioned plaintiff "that the further filing of non-meritorious complaints requesting *in forma pauperis* status may result in the issuance of an order barring the acceptance of any future complaints for filing without first obtaining leave of court to do so." Lach v. United States Sec'y of Treasury, et al., Nos. 05-CV-1081 (ARR), 05-CV-1156 (ARR), 05-CV-1157 (ARR), 05-CV-1158 (ARR), slip op. at 3 (E.D.N.Y. Mar. 10, 2005). As the Supreme Court noted in *In re McDonald*, 489 U.S. 180, 184 (1989):

> every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interest of justice. The continual processing of petitioner's frivolous requests ... does not promote that end.

Plaintiff's instant complaint is devoid of merit and clearly frivolous or malicious within the meaning of Denton and § 1915(e). There is no basis in law or fact on which plaintiff's

2

complaint may proceed.

Conclusion

Accordingly, plaintiff's instant complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Moreover, plaintiff has not taken the Court's warning seriously. Plaintiff's filing of frivolous *in forma pauperis* complaints shall not be tolerated by this Court. Accordingly, plaintiff is hereby directed to show cause, by written affirmation, within thirty (30) days of the date of this Order why the Court should not bar the acceptance of any future *in forma pauperis* complaints for filing without leave of the Court. 28 U.S.C. § 1651. If plaintiff fails to show cause within the time allotted, he shall be barred from filing any future *in forma pauperis* complaint without leave of the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
April 13, 2005

3